UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHENDORA MITCHELL,

    Plaintiff,

v.                              Case No.: 8:18-cv-1640-T-33AAS

FAMILY DOLLAR STORES OF
FLORIDA, LLC,
d/b/a FAMILY DOLLAR STORE #8476,

    Defendant.
_____/

**ORDER**

This cause comes before the Court *sua sponte.* For the reasons that follow, this case is remanded to the Tenth Judicial Circuit, in and for Polk County, Florida for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260–61 (11th Cir. 2000). Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua*

*sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." Id. In removed cases, 28 U.S.C. § 1447(C) specifies: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

This action was removed to this Court from the Tenth Judicial Circuit, in and for Polk County, Florida on July 9, 2018, on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not allege a specific amount of damages. (Doc. # 2 at ¶ 1)("This is an action for damages in excess of the sum of FIFTEEN THOUSAND ($15,000) DOLLARS."). Instead, in its Notice of Removal, Family Dollar relies on two pre-suit demand letters — the first demanding $150,000 and the second demanding $75,000 — to establish the amount in controversy. (Doc. # 1 at 3-4). On July 9, 2018, the Court entered an Order (Doc. # 3) explaining that it was not convinced that the amount in controversy requirement had been satisfied by a preponderance of the evidence.

Specifically, the Court explained that demand letters do not automatically establish the amount in controversy. (Id.)(citing Lamb v. State Farm Fire. Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010)(stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purpose of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23-EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)(same)). Rather, courts evaluate whether demand letters "'reflect puffing and posturing'" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio

3

Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)); see also Jenkins v. Myers, No. 8:16-cv-344-T-17EAJ, 2016 WL 4059249, at *4 (M.D. Fla. July 27, 2016)(stating a demand letter that appears to be mere puffery or an attempt at posturing, "is insufficient to prove by a preponderance of the evidence that the amount in controversy meets or exceeds $75,000"). Because the Court determined the demand letters were "mere puffery," it directed Family Dollar to provide additional information by July 16, 2018, "establishing, if possible, that the amount in controversy requirement had been met." (Doc. # 3).

Family Dollar timely filed its "Notice of Compliance with Endorsed Order Providing Additional Information Regarding Amount in Controversy" on July 16, 2018. (Doc. # 6). But Family Dollar still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In fact, Family Dollar fails to provide any additional information regarding the amount in controversy and states it has served Mitchell with an Amount in Controversy Request for Admissions, with Mitchell's responses due August 14. (Id. at 2).

Rather than provide additional information, Family Dollar reiterates its opinion that Mitchell's two pre-suit

4

demand letters establish that the amount in controversy exceeds $75,000. Yet, the only concrete damages to date are the approximately $7,000 in past medical expenses. (Doc. # 1-4 at 2). And Mitchell's letters merely estimate her total damages to be "$59,440, plus future medical needs" (Id.). There are no specific facts to support this hypothetical calculation, which suggests these demands are mere puffery, rather than accurate assessments of the amount in controversy. Considering these estimates, the Court determines that Mitchell's first settlement demand of $150,000 was nothing more than an aggressive negotiation tactic. See Rodriguez v. Family Dollar, No. 8:17-cv-1340-T-33JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017)(remanding similar case where the amount in controversy was based on hypothetical future medical damages and similarly reasoning that the pre-suit settlement offers were negotiation tactics).

Mitchell's final settlement demand of $75,000 provides further evidence that the demand letters amount to nothing more than puffery and posturing. (Doc. # 1-4 at 3). Mitchell's final settlement demand is not only significantly less than the initial demand of $150,000, but is also below the jurisdictional minimum requirement. See 28 U.S.C. §

1332(a)(requiring that "the matter in controversy *exceeds* the sum or value of $75,000, exclusive of interest and costs" for diversity jurisdiction to exist (emphasis added)).

Even if Mitchell admitted to seeking damages in excess of $75,000 in her response to the requests for admission, such admission would not establish the amount in controversy by a preponderance of the evidence. A plaintiff's mere concession that the amount in controversy exceeds $75,000 is insufficient because "[j]urisdictional objections cannot be forfeited or waived." Eckert v. Sears, Roebuck and Co., No. 8:13-cv-2599-T-23EAJ, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013)(citation omitted)(remanding removed action where defendant's sole basis for establishing the amount in controversy was plaintiff's admission); see also MacDonald v. Circle K Stores, Inc., No. 6:08-cv-1825-Orl–22DAB, 2009 WL 113377 (M.D. Fla. Jan. 16, 2009)(remanding slip-and-fall case where removal was based on plaintiff's responses to requests for admissions and interrogatory answers regarding the amount in controversy).

Further, as previously stated, the Court is skeptical that the hypothetical damages exceed the jurisdictional threshold and any doubt as to propriety of removal should be resolved in favor of remand. Tauriga Sciences, Inc. v.

ClearTrust, LLC, No. 8:14-cv-2545-T-33TBM, 2014 WL 5502709, at *2 (M.D. Fla. Oct. 2014)(citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979)).

In sum, the Court is not convinced that Mitchell's approximately $7,000 in medical costs, estimated damages at "$59,440, plus future medical needs," (Doc. # 1-4 at 2), and demand letters seeking either $150,000 or $75,000 prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. And Family Dollar fails to provide additional information to support that the amount in controversy exceeds the jurisdictional requirement. Therefore, Family Dollar has not carried its burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

This case is **REMANDED** to the Tenth Judicial Circuit, in and for Polk County, Florida because the Court lacks subject matter jurisdiction. After remand has been effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of July, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE